IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joyce C., | ) | Case No.: 2:23-cv-01011-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley,[1] Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker ("Report and Recommendation" or "Report" or "R&R") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.).  Plaintiff Joyce C.[2] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin J. O'Malley, Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") under the Social Security Act ("Act").  The Magistrate Judge issued a Report and Recommendation on December 13, 2023, recommending the Commissioner's decision be affirmed.  (DE 14.)  On December 28, 2023, Plaintiff filed an Objection[3] to the Report and Recommendation, contending the

---

[1]　　Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023.  Accordingly, he is automatically substituted for Kilolo Kijakazi, Commissioner of the Social Security Administration.

[2]　　The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[3]　　Plaintiff's objection was initially due December 27, 2023; however, on December 28, 2023, Plaintiff filed a Motion to Enlarge Time to File Objections through December 28, 2023 (DE 15), and in fact filed an Objection on the same date.  The Court grants the unopposed motion (DE 15) without further discussion.

1

> Magistrate's conclusion that the ALJ properly considered the impact of [Plaintiff's] chronic migraine headaches on her [Residual Functional Capacity] and in particular on her ability without excessive time off task or absenteeism is not substantially supported" and the "ALJ analysis failed to provide a substantial justification to support the finding that evidence failed to support the treating doctor's opinions and [Plaintiff's] subjective allegations that she would miss days from work due to her chronic, ongoing migraine headaches.

(DE 16.) Defendant filed a reply in opposition. (DE17.) Having carefully considered Plaintiff's objections and the applicable law, the Court affirms the decision of the Commissioner.

## **BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 14.) However, as a brief background relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff, who was 54 years old on the date last insured, December 31, 2020 (DE 7-1, p. 143, 158), seeks DIB based upon complaints, among others, of "migraine headaches, diabetes, bursitis in left shoulder, surgery on left shoulder, and carpal tunnel surgery on left hand." (DE 7, p. 311.) Plaintiff has past relevant work as a hairstylist. (Id. at 313.)

On February 14, 2016, Plaintiff filed applications for DIB in which she alleged her disability began on September 16, 2015. (Id. at 128.) Plaintiff's application was denied initially and upon reconsideration. (Id.) On July 19, 2015, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"). (Id. at 128-29.) The ALJ issued an unfavorable decision on October 17, 2018, finding that Plaintiff was not disabled within the meaning of the Act. (Id.) Subsequently, the Appeals Council remanded Plaintiff's case to the ALJ. (Id. at 142-45.) Plaintiff appeared before a new ALJ in a hearing on March 19, 2020; on April 7, 2020, the ALJ found that Plaintiff was not disabled. (Id. at 22-34.) After the Appeals Council declined the request for review (Id. at 8-12), Plaintiff filed an action in the United States District Court for the District of South Carolina. After remand, the Appeals Council vacated the ALJ's decision and remanded the case on May 24,

2022.  (DE 7-1, pp. 248-52.)  A telephone hearing was held on October 26, 2022, before the same ALJ who had issued the April 7, 2020, decision.  (Id. at 170-203.)  On November 17, 2022, the ALJ decided that Plaintiff was not disabled.  (Id. at 159.)  The November 2022 decision is the Commissioner's final decision for purposes of judicial review.

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See Mathews v. Weber, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  See 28 U.S.C. § 636(b)(l).  However, *de novo* review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the report and recommendation only for clear error.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[4] 42 U.S.C. § 405(g). The

---

[4]     "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

3

court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard.  See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005).  This standard precludes a *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner.  See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  Johnson, 434 F.3d at 653.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Plaintiff objects to the Report and Recommendation for the following reasons:

> The Magistrate's conclusion that the ALJ properly considered the impact Campbell's chronic migraine headaches on her RFC and in particular on her ability without excessive time off task or absenteeism is not substantially supported. The ALJ analysis failed to provide a substantial justification to support the finding that evidence failed to support the treating doctor's opinions and Campbell's subjective allegations that she would miss days from work due to her chronic, ongoing migraine headaches.

(DE 16.)  The Court disagrees.  Here, Plaintiff repeats an identical argument set forth in the initial brief, namely, that the case should be remanded because the ALJ failed to adequately consider Plaintiff's migraines (Compare DE 11 with DE 16.)  However, to the extent the argument is not wholly duplicative, the Court finds that the ALJ thoroughly reviewed the record and discussed at

4

length the reasons for affording only certain limitations in the Residual Functional Capacity (RFC) determination based on Plaintiff's migraines, including that Plaintiff would "miss two hours of work per week as needed to deal with migraines" (DE 14, p. 14).  The Magistrate Judge recognized that the ALJ discussed the treatment notes of Dr. Scott, after noting he "laboriously scrutinized" the records "with particular attention to the [Plaintiff's] reports with respect to the frequency, intensity and symptomology regarding headaches and migraines," and the ALJ explained that he scrutinized these records to determine, among other things, the "appropriate functional limitations supported by the evidence." (Id.)  The Report also noted the ALJ explained how he assessed the time off task and absenteeism afforded to Plaintiff in the RFC with a thorough discussion of the evidence.  (Id.)

Next, the Magistrate Judge recognized the ALJ's thorough discussion of Dr. Collins' opinion about Plaintiff's alleged need for unscheduled breaks and his explanation of why he found the opinion only partially persuasive.  (Id. at 15.)  Noting the ALJ's thorough discussion of the evidence, including Plaintiff's subjective complaints, the Magistrate Judge correctly found the ALJ sufficiently explained Dr. Collins' opinion should be discounted and included in the RFC determination of those limitations supported by the evidence.  (Id.)  The Magistrate Judge also noted the ALJ found Dr. Collins' opinion was internally inconsistent and inconsistent with other evidence of record.  Although Plaintiff argues the ALJ "attempt[ed] to twist these separate restrictions into an 'internal inconsistency,'" the Magistrate Judge noted that inconsistencies are among the factors considered in evaluating medical opinion evidence.  Given the record, Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, the Court grants the Motion to Enlarge Time to File Objections (DE 15) and adopts the Report and Recommendation and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

                                                                                  Joseph Dawson, III
                                                                                 United States District Judge

Florence, South Carolina
February 7, 2024